IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| PATRICIA BRADLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 05-CV-1290 |
| HARDEE'S FOOD SYSTEMS, INC., | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U. S. MAGISTRATE JUDGE:

This cause is before the Court on Plaintiff's Objection to Removal of Case to Federal District Court [3].

## I. BACKGROUND

On June 22, 2005, Plaintiff Patricia Bradley filed a complaint in state court against Defendant Hardee's Food Systems, Inc., alleging negligence resulting in injuries sustained by a slip and fall in a Hardee's restaurant located in East Peoria, Illinois. In that Complaint filed in Tazewell County Circuit Court, Plaintiff listed the amount in controversy to be in excess of $50,000 and the case proceeded in state court.

On September 29, 2005, Defendant filed a Notice of Removal [1] pursuant to 28 U.S.C. § 1441 in the Central District of Illinois, Peoria

Division, seeking to remove Plaintiff's state court case to this Court. In its Notice of Removal, Defendant asserts that since the filing of the state court action Plaintiff, on September 6, 2005, responded to interrogatory answers admitting that she is making claim for an amount in excess of $75,000[1]. Defendant further asserts that this is the first notice it has received that Plaintiff is seeking damages in a sum exceeding this Court's minimal jurisdictional limit. Plaintiff does not dispute this. Therefore, because Defendant is a North Carolina Corporation with its principal place of business in Missouri, and because Plaintiff is a citizen of Illinois, and because Plaintiff's claim involves more than $75,000, Defendant contends that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over Plaintiff's claim and removal is proper.

On October 28, 2005, Plaintiff filed an Objection to Removal [3] of her case to federal court. Therein, Plaintiff contends that Defendant is a corporation authorized to do business in the State of Illinois[2] and the "mere fact that damages in this case may exceed $75,000 is not sufficient to

---

[1] It should be noted that Plaintiff acknowledges in her Objection, at paragraph 5, that Plaintiff's answers to interrogatories indicate she is seeking damages in excess of $75,000.

[2] Again, it should be noted that Plaintiff acknowledges in her Objection, at paragraph 4, that Defendant is a North Carolina corporation with its principal place of business in the State of Missouri.

justify the removal of this cause from state court where it was initially filed and where all of the significant contacts of the case occurred."

## II. ANALYSIS

Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

Thus, actions filed in state court which satisfy the federal jurisdictional requirements set forth in 28 U.S.C. § 1332(a) may be removed to federal court pursuant to § 1441.

"In order to support diversity jurisdiction under 28 U.S.C. § 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $75,000)." Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 881 (7th Cir. 2001); see Tylka v. Gerber Prods. Co., 211 F.3d 445, 448 (7th Cir. 2000)(noting "the well-known rule that removal is proper over any action that could have been filed originally in federal court."). The defendant, as the removing party, has the burden of establishing that the

parties are diverse and that the required amount in controversy is at stake. Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997); Tylka, 211 F.3d at 448.  "A defendant meets this burden by supporting her allegations of jurisdiction with competent proof which in our circuit requires the defendant to offer evidence which proves to a reasonable probability that jurisdiction exists."  Chase, 110 F.3d at 427. (internal quotations omitted)   "The district court may look outside the pleadings to other evidence of jurisdictional amount in the record."  Chase, 110 F.3d at 428.

Title 28 U.S.C. § 1446(b), Procedure for Removal, in pertinent part, provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper from which it may be ascertained that the case is one which is or has become removable,** except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
> (emphasis added)

"An 'order' or 'other paper' within the meaning of the statute must contain a monetary amount or allow a specific amount to be ascertained."  Insurance Co. of State of Pa. v. Waterfield, 371 F.Supp.2d 146, 150 (D.Conn., 2005)

(response to defendant's discovery request contained actual figures from which an amount in controversy could be ascertained) Id. citing Viens v. Wal-mart Stores, Inc., 1997 WL 114763 (D.Conn., 1997).  "Under § 1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts'".  Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir., 1999) citing DeBry v. Transamerica Corp., 601 F.2d 480 (10th Cir., 1979).

This case should be removed from state court in accordance with Defendant's Notice of Removal [1].

First, this cause of action meets the federal jurisdictional requirements set forth in 28 U.S.C. § 1332(a).   As noted earlier, Defendant's allegations that the parties are diverse (Plaintiff is a citizen of the State of Illinois and Defendant is a North Carolina corporation) and that Plaintiff is seeking damages in excess of $75,000 are not disputed.

Secondly, Defendant's Notice of Removal is timely.  Defendant has demonstrated, and Plaintiff has not disputed, that first notice of the case's removability was received with discovery responses provided to Defendant

by Plaintiff on September 6, 2005, less than 30 days prior to the filing of Defendant's Notice of Removal on September 29, 2005.

### III. CONCLUSION

Wherefore, for the reasons given above, the Court RECOMMENDS that Plaintiff's Objection to Removal of Case to Federal District Court [3] be DENIED and that this case continue in this Court. If the District Judge accepts this Report and Recommendation, the Defendant should be directed to answer or otherwise plead to Plaintiff's complaint or provide the responsive pleading from the state court file on or before ten days after the District Judge's acceptance of this Report and Recommendation.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER:   November 3, 2005

                      s/ Byron G. Cudmore
                      BYRON G. CUDMORE
        UNITED STATES MAGISTRATE JUDGE